UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PATRICIA LAWSON and EDWARD LAWSON**                        **PLAINTIFFS**

**V.**                        **CIVIL ACTION NO.1:07CV764 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**      **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [35] of State Farm Fire and Casualty (State Farm) for summary judgment on the grounds that the plaintiffs' claims against State Farm were settled during the mediation program sponsored by the Mississippi Department of Insurance.  For the reasons set out below, I will hold this motion in abeyance for a period of fourteen days from the date of this decision.

The complaint in this action is one of the series of approximately 200 nearly identical complaints filed by the Scruggs Katrina Group (SKG) against State Farm and its parent company, State Farm Mutual Automobile Insurance Company.  These complaints allege not only property damage payable under insurance contracts issued by State Farm, but also the existence of a broad-based conspiracy among State Farm and the adjustors and engineers engaged by State Farm to evaluate damage claims following Hurricane Katrina.  The object of this alleged conspiracy was to systematically underpay legitimate claims for wind damage that occurred during the storm.

Plaintiffs were the owners of property damaged during Hurricane Katrina.  They were insured under a policy issued by State Farm.  On April 24, 2006, plaintiffs accepted $10,000 from State Farm in settlement of their property damage claims.  Plaintiffs acknowledge signing a release of their claims against State Farm at the conclusion of the mediation.  The settlement agreement is Exhibit One to the Memorandum in Support of State Farm's Motion for Summary Judgment.  The agreement reads, in part:

> *2. This settlement amount is full, complete and a total final payment by the insurance company to the insured(s) for the Katrina claim brought to the mediation.  Both parties release any and all Katrina claims of any kind whatsoever against one another, except that if the insured(s) discovers additional insured damage that was not known to the parties prior to this mediation, the insured(s) may file a supplemental Katrina claim, which shall be treated as a new claim.*

Plaintiffs assert that State Farm's motion should be denied on the grounds that any loss or damage they sustained by reason of the alleged conspiracy constitutes "additional insured damage that was not known to the parties prior to this mediation," and thus falls within the provision of the settlement agreement allowing a supplemental claim.

Plaintiffs assert, without offering any substantiating evidence, that the settlement agreement is a contract of adhesion drafted exclusively by State Farm and argue that the provisions of the agreement should therefore be construed in the light most favorable to the plaintiffs.  While I can assume that the plaintiffs did not draft this agreement, I cannot assume that it was drafted exclusively by State Farm.  The agreement is entitled:

**MISSISSIPPI DEPARTMENT OF INSURANCE
HURRICANE MEDIATION PROGRAM
SETTLEMENT AGREEMENT**

The identity of the parties is filled in on blanks left in the form.  There is nothing to indicate that this same form was not used by all of the insurers who participated in the mediation program.

The "Preamble" of the complaint states that the plaintiffs have insufficient evidence to prove that they were directly harmed by the conspiracy and fraud they have alleged.  Yet the plaintiffs contend that the settlement agreement itself was the product of this fraud and is therefore void *ab initio*.  Again, the plaintiffs have not offered any evidence in support of this contention.

This settlement agreement is an enforceable contract, and its provisions must be given their plain meaning in order to put the intention of the parties into effect. *East v. East*, 493 So.2d 927, 932-33 (Miss.1990).  "The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *McManus v. Howard*, 569 So.2d 1213, 1215 (Miss.1990); *Chantey Music Pub., Inc. v. Malaco, Inc.*, 915 So2d 1052 (Miss.2005).

The settlement agreement the parties signed is ample evidence that there was a meeting of the minds concerning the terms expressed in the written agreement. *Ammons v. Cordova Floors, Inc.*, 904 So.2d 185 (Miss.2005); *Hastings v. Guillot*, 825 So.2d 20 (Miss.2002).  In my view, the reservation of a right to file a new claim based on "additional insured damage that was not known to the parties prior to the mediation" could only refer to additional and unknown property damage covered by the plaintiffs' State Farm policy.  This provision of the settlement agreement cannot be reasonably read as a reservation of the right to pursue a tort claim for fraud or bad faith in the adjustment of the plaintiffs' storm damage claim.  Such a construction would undermine

the very purpose of this type of settlement agreement, i.e. to finally resolve a disputed claim by a compromise payment that puts an end to the parties' legal differences.

     I will grant State Farm's motion unless the plaintiffs establish, by appropriate and specific affidavit, their discovery of additional damage to the insured property that was unknown to them at the time this settlement agreement was signed.  Plaintiffs have recently retained new counsel to replace the SKG. (Notice of Appearance Docket Number [50]).  I will hold State Farm's motion in abeyance for a period of fourteen days to allow sufficient time for the plaintiffs' new counsel to confer with the plaintiffs and respond to my requirement concerning this affidavit.

     Because this is a court of limited jurisdiction, the discovery of additional insured property damage will not sustain subject matter jurisdiction unless the additional damage is sufficient to meet the minimum amount in controversy required for diversity jurisdiction under 28 U.S.C. §1332.

     **DECIDED** this 18th day of June, 2008.

                              s/ L. T. Senter, Jr.
                              L. T. SENTER, JR.
                              SENIOR JUDGE